UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHI MIN ZHANG,<br><br>           Plaintiff,<br><br>      v.<br><br>INTERNAL REVENUE SERVICE,<br><br>           Defendant. | Case No.  1:24-cv-00667-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING UNITED STATES' MOTION TO DISMISS**<br><br>(Doc. 7) |

Plaintiff Shi Min Zhang, proceeding pro se, brought this action against the Internal Revenue Service ("IRS") for alleged negligent and harassing practices over the last eight years. (Doc. 1-1.) Currently before the Court is the United States' motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] (Doc. 7.) The matter was referred to the undersigned for preparation of findings and recommendations. (Doc. 8.) The

---

[1] The United States brings this motion on its behalf and on behalf of the IRS. (Doc. 7 at 2.) The United States is the only proper party defendant in this action. *See Balser v. Dep't of Just., Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) ("[A]ny lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States."); *see also Devries v. I.R.S.*, 359 F. Supp. 2d 988, 991 (E.D. Cal. 2005) (dismissing IRS and substituting the United States in its place upon finding Congress has made no provisions for suits against the IRS and therefore the United States is the proper party defendant in taxpayer lawsuit); *Schmidt v. Internal Revenue Serv.*, No. 2:20-cv-2336-TLN-CKD PS, 2021 WL 4480718, at *3 (E.D. Cal. Sept. 30, 2021), *report and recommendation adopted sub nom. Schmidt v. United States*, No. 2:20-CV-02336-TLN-CKD, 2021 WL 5601327 (E.D. Cal. Nov. 30, 2021) (concluding United States should be substituted for the IRS as defendant in tax refund suit based upon finding Congress had not authorized suits against the Department of the Treasury or any of its divisions or branches).

1

matter was taken under submission pursuant to Local Rule 230(g).  (Doc. 9.)

Having considered the briefing and record in this matter, the Court will recommend granting the United States' motion and dismissing the complaint without leave to amend.

## BACKGROUND

Plaintiff filed the instant action in Small Claims Court of the Fresno County Superior Court on April 29, 2024.  (Doc. 1-1.)  Plaintiff's complaint consists of a SC-100 form for initiating a claim in Small Claims Court.  (*Id.*)  In her complaint, Plaintiff asserts the IRS owes her $12,500 for "8 years of negligence," "8 years of harassment," and "8 years lack of common sense."  (*Id.* at 6.)  Plaintiff calculates the total amount owed to include "$1800 for taxes supposedly due IRS," "$75 for Federal court hearing that never happened," and the "balance for punitive damages."  (*Id.* at 7.)  The action was removed to this Court on June 7, 2024.  (Doc. 1.)

On August 1, 2024, the United States filed the instant motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a cognizable legal claim under Rule 12(b)(6).  (Doc. 7.)  In response, on August 19, 2024, non-party John Crenshaw sent a letter to this Court "at the direction of an on behalf of Shi Min Zhang" as an apparent opposition to dismissal.  (Doc. 10 at 1.)  On August 26, 2024, the United States filed a reply.  (Doc. 11.)

**II.    LEGAL STANDARDS**

**A.   Rule 12(b)(1)**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a result, they may only review cases as authorized by either the Constitution or a federal statute. *Id.* "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss [it]." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (quotation omitted).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a claim for relief for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted); *see also* S*an Luis & Delta-Mendota Water Auth. v. U.S.*

*Dep't of the Interior*, 905 F. Supp. 2d 1158, 1167 (E.D. Cal. 2012).  A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks and citation omitted).  In contrast, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* In a factual challenge, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Schell v. United States*, No. 1:20-CV-01737-KJM-EPG, 2024 WL 4012012, at *4 (E.D. Cal. Aug. 30, 2024).  The Court may consider this evidence "without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039.

**B. Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted).  A court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its

1  judicial experience and common sense." *Id.* at 679.

2  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). However, the court need not credit "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III.  DISCUSSION

The United States argues that the complaint does not allege sufficient facts to demonstrate a waiver of sovereign immunity and invoke this Court's jurisdiction, and the case must be dismissed. The United States further argues that even if the Court had jurisdiction, the complaint must be dismissed because Plaintiff has failed to state a claim upon which relief can be granted. (Doc. 7-1 at 2.) Additionally, the United States asserts that John Crenshaw's letter should be disregarded because Plaintiff appears to have improperly delegated representation to a non-attorney individual. (Doc. 11 at 2.)

**A. Improper Delegation of Representation**

To the extent Mr. Crenshaw's letter can be construed as Plaintiff's opposition to the motion to dismiss, the United States contends that it violates the Court's rules governing appearances *in propria persona* and should be wholly disregarded. (Doc. 11 at 1-2.) Specifically, the United States argues that Plaintiff, proceeding pro se, has improperly delegated her representation in the matter to a non-attorney in violation of this Court's Local Rule 183. (*Id.* at 2.) The Court agrees.

Local Rule 183 provides: "Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar

4

of this Court and may not delegate that duty to any other individual . . . ." L.R. 183. Failure to comply with this Court's rules "may be ground for dismissal . . or any other sanction appropriate under these Rules. *Id.*; *see also* L.R. 110 ("Failure of counsel or of a party to comply with [the Local Rules] . . . may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Mr. Crenshaw states that he drafted the letter "at the direction of and on behalf of Shi Min Zhang," and attempts to refute the United States' arguments for dismissal. (Doc. 10.) As the United States points out, Mr. Crenshaw's credentials are unclear. He reports that he previously prepared Plaintiff's tax return and prepared every communication to the IRS. (*Id.* at 2.) He also vows to "continue to fight for [and] on her behalf." (*Id.* at 3.) However, Mr. Crenshaw does not claim that he is licensed attorney, and there is no indication that he is an attorney admitted to the Bar of this Court. Plaintiff, who is proceeding pro se, cannot delegate her representation in this action to any individual other than an attorney admitted to the Bar of this Court. L.R. 183(a). Absent any indication that Mr. Crenshaw is a licensed attorney, the Court will disregard his letter for purposes of the instant motion.

**B. Subjection Matter Jurisdiction**

The United States argues that the complaint must be dismissed without leave to amend because Plaintiff's allegations are both facially and factually insufficient to invoke this Court's subject matter jurisdiction. In particular, the United States asserts that Plaintiff has not exhausted jurisdictionally prerequisite administrative remedies with the IRS and has not otherwise demonstrated an express waiver of sovereign immunity. (Doc. 7-1 at 9.)

**1. Sovereign Immunity**

"Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity. The Supreme Court has frequently held that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations and punctuation marks omitted). To assert a claim against the United States, a plaintiff must establish that sovereign

immunity has been waived. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007). "Any claim for which sovereign immunity has not been waived must be dismissed for lack of jurisdiction." *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004); *see also Libitzky v. United States*, 110 F.4th 1166, 1171 n.1 (9th Cir. 2024) (determining that if taxpayers have not met statutory and regulatory requirements for tax refund lawsuits, then the United States has not waived sovereign immunity and the court must dismiss lawsuit for lack of jurisdiction).

Plaintiff does not cite any statute or Internal Revenue Code provision that would waive sovereign immunity in this case.  The United States acknowledges that the Internal Revenue Code provides taxpayers specific statutory remedies to challenge perceived erroneous or illegal assessment or collection practices, citing generally 26 U.S.C. §§ 7422, 7426, 7432, & 7433. (Doc. 7-1 at 10.)  According to the United States, these provisions allow for a waiver of sovereign immunity and for claims to be brought against the United States, but they require taxpayers to satisfy specific criteria and exhaust administrative remedies before sovereign immunity is waived. (*Id.*)  The United States posits that Plaintiff's complaint can be construed to assert a refund claim pursuant to 26 U.S.C. § 7422 and a damages claim pursuant to 26 U.S.C. § 7433.  (*Id.*)

### 2. Exhaustion of Administrative Remedies with the IRS

The United States contends that Plaintiff has not exhausted administrative remedies with the IRS for a tax refund claim pursuant to 26 U.S.C. § 7422 or a damages claim pursuant to 26 U.S.C.§ 7433.

#### a. Tax Refund Claim – 26 U.S.C. § 7422

Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." A taxpayer's right to bring a refund suit, however, is limited by 26 U.S.C. 7422(a). *See Dutch v. Internal Revenue Dep't of Treasury*, No. SACV 12-02098-CJC, 2013 WL 7162138, at *2 (C.D. Cal. Dec. 20, 2013).  Section 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal

revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

A refund claim is a prerequisite to jurisdiction; a United States District Court does not have jurisdiction over a tax refund suit unless the taxpayer has not only paid all assessments in full, but also has filed a claim for a refund with the IRS. *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir.1985); *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir.1987); *see also Mackey v. Dep't of the Treasury Internal Revenue Serv. Appeals Off.*, No. 1:20-cv-00624-DAD-BAM, 2020 WL 2525813, at *3–4 (E.D. Cal. May 18, 2020).

On its face, Plaintiff complaint does not indicate that she has complied with the requirements of § 7422(a) by filing a claim for a refund with the IRS, or that she has paid all assessments in full. In a factual challenge to jurisdiction, the United States presents evidence, by way of a declaration from an IRS Technical Adviser and exhibits, demonstrating that Plaintiff has not satisfied the conditions necessary for a refund suit under 26 U.S.C. § 7422. According to the United States, Plaintiff's IRS account demonstrates that as of July 8, 2024, she owes $1,820.23 in outstanding income taxes for tax year 2015 and has accrued additional interest and penalties. (Doc. 7-2, Declaration of Alicia K. Longo ("Longo Decl.") ¶ 7, Ex. A, Account Transcripts at 1-3, 8; Ex. B, TXMODA Transcript at 1.) Plaintiff has neither paid the tax liability at issue, that is, the outstanding balance of $1,820.23 that she owes for tax year 2015, nor has she filed an administrative claim for a refund for the 2015 tax year, or any other year. (Longo Decl. ¶¶ 7, 10; Exhibit A, Account Transcripts.)

The Court finds that Plaintiff has not exhausted the administrative remedies required to waive sovereign immunity, invoke this Court's jurisdiction, and bring a claim under 26 U.S.C. § 7422. She has not paid all assessments in full and has not filed a claim for a refund with the IRS.

### b.  Damages Claim – 26 U.S.C. § 7433.

Plaintiff may be asserting that the IRS' assessment and collection actions violated the law, entitling her to damages under 26 U.S.C. § 7433. Section 7433 waives the sovereign immunity of the United States with regard to civil actions for damages where any officer or employee of the

7

1    IRS recklessly, intentionally, or negligently disregards any provision of the tax code in
2    connection with a collection of federal tax with respect to a taxpayer. 26 U.S.C. § 7433(a).
3    However, a plaintiff must exhaust administrative remedies before filing such a suit. *See* 26 U.S.C.
4    § 7433(d)(1) ("A judgment for damages shall not be awarded . . . unless the court determines that
5    the plaintiff has exhausted the administrative remedies available to such plaintiff within the
6    Internal Revenue Service."). A taxpayer must file a written claim with the IRS Area Director for
7    the area in which the taxpayer resides and include specific details, including the grounds, in
8    reasonable detail, for the claim and a description of the injuries. 26 C.F.R. § 301.7433-1(a), (e). If
9    the taxpayer does not file such a claim, sovereign immunity is not waived and the suit is barred.
10   *See Joseph v. United States*, 517 F. App'x. 543, 543 (9th Cir. 2013); *Conforte v. United States*,
11   979 F.2d 1375, 1377 (9th Cir. 1992) (district court lacked jurisdiction to hear action under § 7433
12   without exhaustion of administrative remedies).

13         On its face, Plaintiff's complaint does not indicate that she has complied with the
14   requirements of § 7433(d)(1) by exhausting administrative remedies before filing suit. Further, in
15   its factual challenge to jurisdiction, the United States demonstrates that Plaintiff has not satisfied
16   the conditions necessary for a damages claim under § 7433. The United States presents evidence
17   that Plaintiff has not filed a written claim with the relevant IRS office as required by 26 C.F.R. §
18   301.7433-1(a), (e). (Longo Decl.; Exhibit A, Account Transcripts.)

19         The Court finds that Plaintiff has not exhausted the administrative remedies required to
20   waive sovereign immunity, invoke this Court's jurisdiction, and bring a claim under 26 U.S.C. §
21   7433.

22         **C. Failure to State a Claim**

23         The United States argues that even if this Court did have jurisdiction over Plaintiff's
24   claims, which it does not, the complaint must be dismissed because it does not allege sufficient
25   facts to render any claim plausible. (Doc. 7-1 at 13.) The Court agrees.

26         Plaintiff's complaint does not contain sufficient factual allegations to state a claim that is
27   plausible on its face. *See Iqbal*, 556 U.S. at 678; *Conservation Force*, 646 F.3d at 1242; *Moss*,
28   572 F.3d at 969. Plaintiff's complaint makes general references to "negligence," "harassment,"

8

and "lack of common sense," appears to dispute outstanding tax liability, alleges she is owed money for an unknown federal court hearing, and seeks punitive damages. (Doc. 1-1 at 6-7.) However, Plaintiff fails to articulate any additional facts that would allow this Court to draw the reasonable inference that the IRS engaged in negligent or harassing conduct, that the IRS improperly calculated any tax liability, or that Plaintiff is owed money for an unidentified court hearing. *Iqbal*, 556 U.S. at 678.

The Court therefore finds that, even if it had jurisdiction, which it does not, Plaintiff fails to state a cognizable claim upon which relief may be granted.

### D. Leave to Amend

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be freely given "when justice so requires," and courts are guided by "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez*, 203 F.3d at 1127 (alterations and internal quotation marks omitted). The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). In this instance, it does not appear that the pleading deficiencies identified above can be cured by further amendment. There appear to be no set of facts that Plaintiff could allege that would be sufficient to establish a waiver of sovereign immunity.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons stated, IT IS HEREBY RECOMMENDED that:

1. The United States' motion to dismiss be GRANTED.

2. Plaintiff's complaint be DISMISSED with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed**

**fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 21, 2024**            /s/ Barbara A. McAuliffe            
                                    UNITED STATES MAGISTRATE JUDGE