UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHI MIN ZHANG,<br><br>          Plaintiff,<br><br>     v.<br><br>INTERNAL REVENUE SERVICE,<br><br>          Defendant. | Case No. 1:24-cv-0667 JLT BAM<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, GRANTING THE GOVERNMENT'S MOTION TO DISMISS, AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE<br><br>(Doc. 13) |

Shi Min Zhang, proceeding *pro* se, filed this action against the Internal Revenue Service for alleged negligent and harassing practices over the last eight years. (Doc. 1.) The Government filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 7.)

The magistrate judge found that "Plaintiff has not exhausted the administrative remedies required to waive sovereign immunity, invoke this Court's jurisdiction, and bring a claim under 26 U.S.C. § 7422." (Doc. 13 at 7.) Similarly, the magistrate judge found Plaintiff had not "complied with the requirements of § 7433(d)(1) by exhausting administrative remedies before filing suit," and did not invoke this Court's jurisdiction under that provision." (*Id.* at 8.) Further, the magistrate judge found "even if [the Court] had jurisdiction, which it does not, Plaintiff fails to state a cognizable claim upon which relief may be granted." (*Id.* at 9.) The magistrate judge found the pleading deficiencies identified could not be cured. (*Id.*) Therefore, the magistrate

judge recommended the Government's motion to dismiss be granted and the complaint be dismissed with prejudice.  (*Id.*)

The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 14 days.  (Doc. 13 at 9.)  The Court also informed the parties that the "failure to file objections within the specified time may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal." (*Id.* at 10, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).)  Neither Plaintiff nor the Government filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636 (b)(1), this Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, the Court concludes the finding that the Court lacks jurisdiction over the action is supported by the record and proper analysis.  Likewise, the Court agrees that Plaintiff fails to state a cognizable claim.  However, based upon the initial finding that the Court lacks jurisdiction, the Court finds dismissal *without* prejudice is proper.  *See Kelly v. Fleetwood Enters.*, Inc., 377 F.3d 1034, 1036 (9th Cir. 2004) ("because the district court lacked subject matter jurisdiction, the claims should have been dismissed without prejudice"); *Missouri ex rel. Koster v. Harris,* 847 F.3d 646, 656 (9th Cir. 2017) (the proper dismissal for lack of jurisdiction "is without prejudice").   Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on November 21, 2024 (Doc. 13) are adopted in part.
2. The Government's motion to dismiss (Doc. 7) is **GRANTED**.
3. Plaintiff's complaint is **DISMISSED** without prejudice, due to lack of jurisdiction.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 22, 2024**

UNITED STATES DISTRICT JUDGE

2